IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RODERICK WHITE
ADC # 92057                                                                                                    PLAINTIFF

V.                                          5:07CV00140 SWW/HDY

NORRIS *et al.*                                                                                               DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1

Dockets.Justia.com

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, a prisoner at the Tucker Maximum Security Unit of the Arkansas Department of Correction, has filed a *pro se* Complaint (docket entry #2) pursuant to 42 U.S.C. § 1983. After reviewing the allegations in Plaintiff's Complaint, pursuant to its screening function under 28 U.S.C. § 1915A, the Court concludes that Plaintiff has failed to state a cognizable claim for relief. Accordingly, the Court recommends that Plaintiff's Complaint be dismissed, without prejudice.

### I. Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a

complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

In conducting its review, the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998).  The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).  However, a plaintiff's complaint still must contain allegations sufficient to state a claim as a matter of law and must not contain only conclusory allegations.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## II. Analysis of Plaintiff's Claim

Plaintiff alleges that he was wrongfully convicted of a disciplinary violation related to an incident with another inmate, Jeffery Lynch, involving a commissary transaction.  In his complaint, Plaintiff acknowledges that he and Lynch had "words" with one another, but Plaintiff relates the disagreement to a sports discussion. The officer writing the disciplinary described the exchange between Plaintiff and Lynch as involving Lynch's failure to pay a debt to Plaintiff through purchases at the prison commissary and Plaintiff's threats to Lynch as a result of the failure to pay.  As a result of the disciplinary conviction, Plaintiff was sentenced to thirty days in punitive isolation. Plaintiff later obtained an affidavit from Lynch saying that he (Lynch) did not owe Plaintiff any money (commissary) and that Plaintiff had not threatened him. Plaintiff offered Lynch's affidavit on appeal

as a basis for a reversal of his prison disciplinary, but the disciplinary was affirmed at each level of the appeals. Plaintiff believes that the affidavit should automatically result in a determination that the disciplinary was "false" and therefore, should have been dismissed. Also, when he came before the classification committee several months later, he was placed in administrative segregation, as a result, he contends, of that invalid disciplinary. By way of relief he seeks release from administrative segregation and damages.

By asserting a due process challenge to his disciplinary conviction and the duration of his sentence, Plaintiff's Complaint fails to state a claim for relief under § 1983. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Court held that, if a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence, a §1983 action for damages does *not* arise until the conviction or sentence is called into question by the issuance of a federal writ of *habeas corpus*. In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Court extended its holding in *Heck* to include prison disciplinary decisions which deprive a prisoner of good time credits. "If success on the merits of a particular § 1983 claim would necessarily imply the invalidity of a disciplinary result lengthening the plaintiff's prison sentence, *Heck* requires favorable termination of the action in an authorized state tribunal or a federal *habeas* court, even if the claim is for damages rather than earlier release." *Sheldon v. Handley,* 83 F. 3d 231, 234 (8th Cir. 1996).

Here, Plaintiff alleges that he was improperly convicted of a disciplinary violation.[1]

---

[1] To properly challenge his disciplinary conviction and loss of good time credits, Plaintiff should file, in the state circuit court of the county where he is incarcerated, a petition for writ of *mandamus*, under Ark. Code Ann. § 16-115-101, *et seq.*, or a petition for a declaratory judgment under 16-111-101, *et seq. See Graham v. Norris*, 10 S.W. 3d 457 (Ark. 2000); *Duncan v. Bonds*, 987 S.W. 2d 721 (1999). If the trial court does not grant Plaintiff relief, he should appeal to the Arkansas Supreme Court. If the Arkansas Supreme Court affirms the trial court's ruling, Plaintiff should then file a

Plaintiff's allegations, if proven, would necessarily imply the invalidity of his disciplinary conviction. Although Plaintiff did appeal his conviction up to the level of the Director, Plaintiff has presented no evidence that he has exhausted his state remedies, a condition precedent to invocation of federal jurisdiction under § 2254. Therefore, it would serve no purpose for the Court to construe Plaintiff's Complaint as a § 2254 *habeas* petition.

Furthermore, as to Plaintiff's challenge to his administrative segregation placement, he also fails to state a claim. Prisoners do not shed all constitutional rights at the prison gate, but lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system. *Sandin v. Conner*, 515 U.S. 472, 485 (1995) . If a restraint on a prisoner's liberty "does not present a dramatic departure from the basic conditions" of an inmate's sentence, the restraint will not implicate a protected liberty interest. *Id.* In short, "[a]n inmate who makes a due process challenge to his segregated confinement 'must make a threshold showing that the deprivation of which he complains imposed an "atypical and significant hardship." ' " *Portley-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir.2002)(*quoting Sims v. Artuz*, 230 F.3d 14, 22 (2d Cir.2000)). The plaintiff has made no such allegation in this case. Based on the allegations in the Complaint, Plaintiff has spent approximately 150 days in administrative segregation. The Eighth Circuit has suggested that such evidence, standing alone, is insufficient to establish an "atypical and significant hardship." *See Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir.1997) (citing cases); *Hemphill v. Delo*, No. 95-3357, 1997 WL 581079, at *2 (8th Cir.1997) ("Here, Hemphill has not alleged more than that he spent four days locked in his housing unit, thirty

---

petition for writ of habeas corpus in federal court. Plaintiff may re-file his due process claim under § 1983 if he is successful in overturning his disciplinary conviction in state court, or if he prevails in a habeas action in federal court. *Sheldon*, 83 F.3d at 234.

days in disciplinary segregation, and approximately 290 days in administrative segregation. We conclude that, without alleging more, this period of time does not constitute an 'atypical and significant hardship' when compared to the burdens of ordinary prison life."); *Driscoll v. Youngman*, No. 95-4037, 1997 WL 581072, at *2 (8th Cir. 1997) ("[A] total of 135 days in disciplinary and administrative segregation did not alone constitute an 'atypical and significant hardship' when compared to the 'ordinary incidents of prison life.' " (citations omitted)).[2]

Accordingly, the Court recommends that Plaintiff's Complaint be dismissed, without prejudice, for failure to state a cognizable claim for relief under § 1983.

### III. Conclusion

IT IS THEREFORE RECOMMENDED that:

1) Plaintiff's Complaint (docket entry #2) be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim for relief.

2) This dismissal CONSTITUTE a "strike," pursuant to 28 U.S.C. § 1915(g).

3) The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this recommended disposition would not be taken in good faith.

DATED this __21__ day of June, 2007.

_H Daniel Young_
_____
UNITED STATES MAGISTRATE JUDGE

---

[2] Finally, the Court notes that plaintiff's due process challenges to the disciplinary conviction do not state a claim, because due process requirements are satisfied if plaintiff's conviction was supported by "some evidence." See Superintendent v. Hill, 472 U.S. 445, 455 (1985), and Goff v. Dailey, 991 F.2d 1437, 1440 n.5 (8th Cir. 1993). In the disciplinary hearing action report attached to plaintiff's complaint, the hearing officer relied on the charging officer's statement, 005 forms, and witness statements, all of which constitutes "some evidence" to support the charges filed against plaintiff.